UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOSEPH Y.,[1]

|  |  |  |
|---|---|---|
| | Plaintiff, | Case # 24-CV-6265-FPG |
| v. | | DECISION AND ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | | |
| | Defendant. | |

## INTRODUCTION

Plaintiff Joseph Y. brings this action pursuant to the Social Security Act seeking review of

the final decision of the Commissioner of Social Security that denied his application for child's

insurance benefits based on disability and Supplemental Security Income ("SSI") under Title XVI

of the Act.  ECF No. 1.  The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil

Procedure 12(c).  ECF Nos. 10, 12.  For the reasons that follow, Plaintiff's Motion for Judgment

on the Pleadings is DENIED, the Commissioner's Motion for Judgment on the Pleadings is

GRANTED, and the complaint is DISMISSED WITH PREJUDICE.

## BACKGROUND

In February 2021, Plaintiff applied for child's insurance benefits based on disability and

SSI with the Social Security Administration ("SSA").  Tr.[2] 17.  He alleged disability since

November 5, 2021.  Tr. 213.  The claim was initially denied on January 15, 2022, and May 13,

2022, and upon reconsideration on August 1, 2022.  Tr. 17.  On April 14, 2023, Administrative

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter.  ECF No. 6.

1

Law Judge John Benson (the "ALJ") held a telephone hearing. Tr. 34–68. The ALJ issued a decision on June 1, 2023, finding that Plaintiff was not disabled. Tr. 17–28. Plaintiff requested review by the Appeals Council, but the request was denied on March 5, 2024. Tr. 1–6. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I.  District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II.  Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470–71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful

work activity.  *See* 20 C.F.R. § 404.1520(b).[3]  If so, the claimant is not disabled.  If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities.  *Id.* § 404.1520(c).  If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled."  If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings").  *Id.* § 404.1520(d).  If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id.* § 404.1509, the claimant is disabled.  If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 404.1520(e)–(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work.  *Id.* § 404.1520(f).  If the claimant can perform such requirements, then he or she is not disabled.  *Id.*  If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled.  *Id.* § 404.1520(g).  To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her

---

[3] The regulations provide for the payment of disabled child's insurance benefits ("DIB") if the claimant was 18 years old or older and has a disability that began before attaining age 22.  *See* 20 C.F.R. § 404.350(a)(5).  Because the DIB and SSI regulations mirror each other, the Court only cites the DIB regulations.  *See Chico v. Schweiker*, 710 F.2d 947, 948 (2d Cir. 1983).

age, education, and work experience.  *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I.   The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above. Initially, the ALJ determined that Plaintiff had not attained age 22 as of November 5, 2021, the alleged onset date. Tr. 19.  At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset date.  Tr. 19.  At step two, the ALJ found that Plaintiff had severe impairments of depressive disorder, anxiety disorder, neurocognitive disorder, asthma, and a history of migraine headaches.  Tr. 20.  At step three, the ALJ concluded that none of Plaintiff's impairments met or medically equaled one of the impairments in Appendix 1 of Subpart P of 20 C.F.R. Part 404.  Tr. 20.

Next, the ALJ found that Plaintiff had the RFC to perform a full range of work at all exertional levels and had some nonexertional limitations, including that "he can have occasional interaction with the public and co-workers."  Tr. 21–22.  At step four, the ALJ determined that Plaintiff has no past relevant work experience.  Tr. 27.  At step five, the ALJ found that, given his age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.  Tr. 27.  Accordingly, the ALJ found that Plaintiff is not disabled.  Tr. 28.

### II.   Analysis

Plaintiff raises three arguments as to why remand is warranted.  First, Plaintiff argues that the ALJ "intentionally omitted any reference to supervisors in the RFC."  ECF No. 9–10.  Next, Plaintiff argues that the ALJ improperly substituted his own lay opinion when determining

Plaintiff's limitations in interacting with supervisors. *Id.* at 12. Finally, Plaintiff argues that the ALJ erred by failing to consider certain parts of the record that demonstrated that Plaintiff had difficulty interacting with supervisors. *Id.* at 10. The Court addresses each argument in turn below.

First, Plaintiff claims that the ALJ erred by failing to include any limitation in interacting with supervisors in the RFC determination. ECF No. 10 at 9. The Court disagrees.

An ALJ is "entitled to weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (summary order). Where an ALJ's decision "regarding a claimant's functional limitations and restrictions affords an adequate basis for meaningful judicial review, applies the proper legal standards, and is supported by substantial evidence such that additional analysis would be unnecessary or superfluous," remand is not necessary. *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). In addition, "[a]n ALJ need not recite every piece of evidence that contributed to the decision, so long as the record 'permits us to glean the rationale of an ALJ's decision.'" *Id.* at 178 n.3 (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983)).

Here, although the ALJ did not discuss limitations in interacting with supervisors in the RFC determination, the Court can sufficiently glean from the ALJ's decision that this is because the ALJ found no limitations exist. In his decision, the ALJ wrote, "[t]he claimant himself reports that he gets along 'fine' with authority figures and has never been fired or laid off for interpersonal issues," Tr. 21, 284. The ALJ also discussed other evidence from the record, finding that while Plaintiff had a "longitudinal history of anger issues, dating back to academic records,"[4] Tr. 23, Plaintiff's reported daily activities and hobbies, Tr. 44–46, 283, 308, showed that Plaintiff was able to "sustain positive relationships with others [that] supports the moderate restrictions provided

---

[4] Because the ALJ expressly discussed Plaintiff's academic record, Plaintiff's argument that the ALJ failed to consider Plaintiff's educational records, ECF No. 10 at 11–12, is meritless.

for in the [RFC]," Tr. 24.   Therefore, the ALJ's decision permits this Court to glean that no limitation in interacting with supervisors was discussed in the RFC because the ALJ found that Plaintiff has no such limitation.  *See Cichocki*, 729 F.3d at 178 n.3.   Plaintiff's argument is therefore rejected.

Second, Plaintiff argues that the ALJ erred by relying on his own lay judgment in crafting the RFC determination. [5]  ECF No. 10 at 12.  While it is true that an ALJ "may not substitute his own lay opinion for those of medical experts," he or she "is free to choose between properly submitted medical opinions."  *Mowry v. Comm'r of Soc. Sec.*, No. 18-CV-6108, 2019 WL 4643595, at *3 (W.D.N.Y. Sept. 24, 2019).

It is clear that the ALJ did not substitute his own opinion for expert opinions.  In his decision, the ALJ stated that he found persuasive the assessments of medical experts, including state agency medical consultant S. Bhutwala, Ph.D. and consultative examiner Adam Brownfeld, Ph.D.  Tr. 25–26.  Both Drs. Bhutwala and Brownfeld opined that there was "[n]o evidence of limitation in … interacting adequately with supervisors, co-workers, and the public."  Tr. 71, 79, 480.  Dr. Bhutwala also stated that Plaintiff "could maintain competitive employment performing simple tasks."  Tr. 25.  The ALJ considered these assessments as well as Plaintiff's own testimony when fashioning Plaintiff's RFC, "which restricts tasks and contact with others."  Tr. 25–26.  He also wrote, "[f]urther erosion of the occupational base is not supported by the record as a whole,

---

[5] Specifically, Plaintiff argues, "It is conspicuous that the ALJ decided not to include *any* limitation on interaction with supervisors, and his failure to do so was a product of his own lay judgment because he rejected the opinion evidence that Plaintiff had no social limitations and instead decided that Plaintiff had moderate limitations" (emphasis in original).  Plaintiff's claim is confusing and, in any event, meritless.  If Plaintiff claims that the ALJ erred by interjecting his own lay judgment by disregarding expert opinion, the Court disagrees because the ALJ did consider mental opinion evidence, as discussed above.  If Plaintiff claims that the ALJ erred by placing moderate limitations when there should have been no limitations, not only does this contradict Plaintiff's remaining arguments but the error is also harmless.  *See Jiminez v. Colvin*, No. 16-CV-6350, 2018 WL 459301, at *3 (W.D.N.Y. Jan. 18, 2018) ("However, because the RFC described by the ALJ was erroneous only to the extent that it may have incorporated greater limitations than are supported by the evidence of record rather than fewer, that error is harmless.").

which contains no opinions from treating sources supporting a finding of disability or any limitations beyond those provided above." Tr. 26. It is therefore clear that the ALJ did not substitute his own lay judgment but relied on expert opinions and the record when deciding not to include any limitations in interacting with supervisors. *See Mowry*, 2019 WL 4643595 at *3.

Finally, Plaintiff argues that the ALJ erred by failing to discuss: (1) Plaintiff's testimony about his difficulty interacting with supervisors, ECF No. 10 at 10; and (2) parts of the vocational expert's testimony that an individual would not be employable if he were "limited to no more than 10[%] of the time interacting with a supervisor," Tr. 64–65; ECF No. 10 at 9–10. However, Plaintiff's argument is without merit because the ALJ expressly discussed Plaintiff's testimony in his decision. Tr. 23–25. In particular, the ALJ considered how "the claimant testified that his anger outbursts are a large barrier to successful work" but concluded that "the record as a whole fails to support" Plaintiff's subjectively alleged "work-related functional limitations." Tr. 23. Additionally, the ALJ was not required to discuss the vocational expert's testimony about the employability of an individual who has limitations with interacting with a supervisor, especially when the ALJ found that Plaintiff himself has no such limitations. *See Brault v. Social Sec. Admin., Com'r*, 683 F.3d 443, 448 (2d Cir. 2012) ("[A]n ALJ is not required to discuss every piece of evidence submitted … [and] [a]n ALJ's failure to cite specific evidence does not indicate that such evidence was not considered." (citation omitted)).

Plaintiff's argument stems from his ultimate disagreement with the ALJ's conclusion. Yet the fact that other evidence in the record could be utilized to reach a different conclusion does not render the ALJ's decision erroneous so long as substantial evidence supports the ALJ's rationale. *See Gonzalez-Cruz v. Comm'r of Soc. Sec.*, 294 F. Supp. 3d 164, 187 (W.D.N.Y. 2019) ("[U]nder the substantial evidence standard of review, it is not enough for plaintiff to merely disagree with

7

the ALJ's weighing of the evidence or to argue that evidence in the record could support his position." (internal quotation marks, brackets, and citation omitted)).  Here, substantial evidence, including Plaintiff's self-report and mental opinion evidence described above, supports the ALJ's determination that Plaintiff has no restrictions in interacting with supervisors.  Plaintiff's argument that the ALJ erred by failing to consider certain parts of the record is therefore rejected.

**CONCLUSION**

For all of the reasons stated, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 10) is DENIED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 12) is GRANTED.  The complaint is DISMISSED WITH PREJUDICE, and the Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: March 25, 2026
        Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York